# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

AMIGOS BRAVOS, a nonprofit corp.,
and NEW MEXICO CITIZENS FOR
CLEAN AIR AND WATER, a nonprofit
corp.,

        Plaintiffs,

v.                                                    CIVIL NO. 99-327 DJS/RLP

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

        Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss filed June 15, 1999 (Docket No. 12). Pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, this case has been assigned to a Magistrate Judge for final disposition.

This action is a suit pursuant to the Clean Water Act, 33 U.S.C. §§1251-1387 brought under the citizen suit provision located at 33 U.S.C. §1365(a)(2). Plaintiffs contend that the Molycorp Molybdenum mine located near Questa, New Mexico is illegally discharging pollutants such as acids and heavy metals from waste rock dumps located along the Red River. Plaintiffs further contend that those waste rock dumps constitute point sources of pollution and that Molycorp does not have a National Pollution Discharge Elimination System (NPDES) permit permitting the discharges. Plaintiffs state that Defendant issued a report on February 13, 1998 regarding Molycorp's mining

1

activity at Questa which found that discharges from the waste rock dumps were the primary source of metals polluting the Red River. Plaintiffs argue that, based upon the findings in the report, the discharges from those waste rock dumps are illegal. Plaintiffs seek a declaration that Defendant has violated a non-discretionary duty to take enforcement action regarding the discharge of pollutants from the Molycorp waste rock dumps. They ask that this Court order Defendant to either issue Molycorp a compliance order or bring a civil action against the company for the illegal discharge of pollutants. In addition, Plaintiffs request that the Court require Defendant to either issue an NPDES permit to Molycorp for the dishcarges or prohibit the discharges.

Defendant contends that this Court lacks jurisdiction to hear Plaintiffs' complaint because the exclusive jurisdiction for challenges to permits issued by the EPA is in the Courts of Appeals pursuant to 33 U.S.C. §1369(b)(1)(F). In addition, Defendant asserts that this suit should be barred by the doctrine of collateral estoppel because the issues contained in the complaint were decided in Amigos Bravos v. Molycorp, 95-Cv-1497 JP/DJS, another suit brought in this district. Further, Defendant asserts that Plaintiffs' claims are subject to dismissal because it does not have a mandatory duty under the Clean Water Act (CWA) to take any enforcement action against Molycorp. Finally, Defendant argues that this Court lacks subject matter jurisdiction to hear Plaintiffs' claims contained in Count I of the complaint and the allegation that it had a mandatory duty to issue an National Pollution Discharge Elimination System (NPDES) permit as alleged in Count II of the complaint because Plaintiffs failed to provide the mandatory, jurisdictional 60-day notice before filing this suit pursuant to 33 U.S.C. §1365(b)(2). The Court does not reach the latter questions because it concludes that this action is barred by the doctrine of collateral estoppel.

In Amigos Bravos v. Molycorp, 95-Cv-1497 JP/DJS, aff'd, 166 F.3d 220, 1998 WL792159

(10th Cir. Nov. 13, 1998) (unpublished disposition), the plaintiffs brought suit pursuant to the citizen

suit provisions of the Clean Water Act, alleging that pollutants were being leached from the waste

rock piles of the Molycorp mine into the Red River through groundwater flow and that the discharge

was not authorized by an NPDES permit. The plaintiffs in that action sought several forms of relief,

including an order declaring that Molycorp was violating the CWA by failing to obtain an NPDES

permit, an order enjoining Molycorp from not complying with the CWA, and an order imposing

maximum civil penalties against Molycorp for violating the Act. Amigos Bravos v. Molycorp, Inc.,

1998 WL 791259 at 1. The District Court held that the complaint in that action attacked the EPA's

decision to reissue an NPDES permit to Molycorp without regulating ground water seepage into the

Red River. Amigos Bravos, 95-Cv-1497, Memorandum Opinion and Order entered Sept. 11, 1997

(Docket No. 51) (hereinafter Memorandum Opinion). The District Court therefore concluded that

the claims must have been brought as a petition for review pursuant to 33 U.S.C. §1369(b)(1)(F) in

the Circuit Court of Appeals. Id.

Plaintiffs argue that they are not challenging the adequacy of Molycorp's 1993 NPDES permit

but rather are challenging Defendant's decision to ignore known illegal discharges of high metals

concentrations into the Red River as documented in Defendant's February 13, 1998 report. Plaintiffs

contend that they would not have filed the instant action but for the report. In order to apply the

doctrine of collateral estoppel, each of the following criteria must be met:

> 1) the issue previously decided must be identical to the one presented in the action in question; 2) the prior action was finally adjudicated on the merits; 3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and 4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior adjudication.

United States v. Rogers, 960 F.2d 1501, 1508 (10th Cir.) cert. denied 506 U.S. 1035 (1992) (citations

omitted). When determining whether collateral estoppel applies, a court must examine the record of

the prior proceeding and take into account the pleadings, evidence, charge, and other relevant matters. Id. (quoting Ashe v. Swenson, 397 U.S. 436, 444 (1970)).

In this case, the issue is the prohibition or permitting of contaminated groundwater seepage from the Molycorp mine waste rock piles into the Red River. That issue is identical to the issue in the previous case. In the first action, Plaintiffs brought suit against Molycorp to compel it to stop the pollution or obtain a permit. In this action, Plaintiffs argue that the EPA is required to compel Molycorp to stop polluting or issue it a permit. In the previous case, Judge Parker ruled that Plaintiff's action attacked the existing NPDES permit, which specifically excluded the groundwater seepage, and therefore must have been brought as a challenge to the permit in the Court of Appeals pursuant to 33 U.S.C. §1369(b)(1)(F). Memorandum Opinion at 5-6. In that case, the plaintiffs argued that the EPA never considered the effects of the pollution originating from the waste rock dumps, therefore they were not challenging the decision to issue or deny a permit. Id. at 4. Judge Parker looked to the relief requested to determine whether the plaintiffs were challenging the permit. Id. Plaintiffs' current reliance on the February 13, 1998 finding by Defendant that the waste rock piles constitute point sources is misplaced. Collateral estoppel requires an identity of the issues raised in the successive proceedings and the determination of those issues by a valid final judgment. Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1520 (10th Cir. 1990). In this case, Plaintiffs have chosen a different legal theory to proceed under and named a different defendant than in the Molycorp suit; however, the ultimate question of whether the discharge of pollutants from the waste-rock piles at the Molycorp mine into groundwater and thus the Red River must be stopped or subject to an NPDES permit, remains the same.

There is no dispute that the prior action was adjudicated on the merits. Further, Plaintiff

Amigos Bravos brought both actions so the privity requirement for applying the doctrine of collateral estoppel has been satisfied. In addition, review of the file for 95-Cv-1497 JP/DJS establishes that Plaintiff had a full and fair opportunity to litigate the issues in that action. Consequently, all of the requirements listed in <u>Rogers</u>, *supra* have been met and summary judgment is appropriate.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is granted on the ground that this action is subject to collateral estoppel. This matter will be dismissed with prejudice.


_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**